MICHAEL R. DUFOUR, ESQ. California Bar No.: 290981
mdufour@swlegalgrp.com
**SOUTHWEST LEGAL GROUP**
22440 CLARENDON STREET, SUITE 200
WOODLAND HILLS, CA 91367
TEL: (818) 591-4300
FACSIMILE: (818) 591-4315

W. CRAFT HUGHES, ESQ. Texas Bar No.: 24046123
craft@hughesellzey.com
JARRETT L. ELLZEY, ESQ. Texas Bar No.: 24040864
jarrett@hughesellzey.com
BRIAN B. KILPATRICK, ESQ. Texas Bar No.: 24074533
brian@hughesellzey.com
**HUGHES ELLZEY, LLP**
(*pro hac vice* admission will be requested)
GALLERIA TOWER I
2700 POST OAK BOULEVARD, SUITE 1120
HOUSTON, TX 77056
TEL: (713) 554-2377
FACSIMILE: (888) 995-3335

HOLLY FREYJA
1129 MARICOPA HWY. #158
OJAI, CA. 93023

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVSION

| | |
|---|---|
| HOLLY FREYJA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUN & BRADSTREET, INC., and DUN & BRADSTREET CREDIBILITY CORP. LLC<br><br>Defendant. | Case No. 2:14-CV-14-7831<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

1

**PLAINTIFF'S CLASS ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HOLLY FREYJA ("Plaintiff"), individually and on behalf of all other persons similarly situated, bringing this action against Defendant DUN & BRADSTREET, INC. and Defendant DUN & BRADSTREET CREDIBILITY CORP. LLC (collectively "Defendant"), and alleges, upon personal knowledge as to her own conduct, and upon information and belief as to the conduct of others, as follows:

**JURISDICTION & VENUE**

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and at least one member of the putative class is a citizen of a state different from Defendant. Furthermore, Plaintiff Class consists of at least one hundred members.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1-2) because a substantial part of the events or omissions giving rise to the claims occurred in this District; and Defendant resides in this District.

3. Defendant is subject to general personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing business. By residing and operating a business in the State of California, Defendant has purposefully invoked the protection of California law, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

**INTRODUCTION**

4. Plaintiff brings this class action against Defendant to secure redress because Defendant willfully violated the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C § 227, *et seq.*

2

by causing unsolicited calls to be made to Plaintiff's and other class members' cellular telephones through the use of an auto-dialer and/or artificial or pre-recorded or artificial voice message.

5. Defendant made one or more unauthorized calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") for the purpose of soliciting business from Plaintiff.

6. Defendant's conduct and actions violated the TCPA, for which Plaintiff and the Class Members seek judgment against Defendant equal to $500.00 per violation, together with attorneys' fees, court costs, and treble damages (for knowing and/or willful violations).

**PARTIES**

7. Plaintiff HOLLY FREYJA is a citizen of the State of California who resides in Ojai, Ventura County, California.

8. Defendant DUN & BRADSTREET, INC. is a corporation organized under the laws of the State of Delaware. Defendant DUN & BRADSTREET CREDIBILITY CORP. LLC is a corporation organized under the laws of the State of California. Both entities may be served with process by serving their Registered Agent, C T Corporation System, 818 West Seventh Street, Second Floor, Los Angeles, CA 90017.

9. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

**LEGAL BASIS FOR THE CLAIMS**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing…can

be an intrusive invasion of privacy…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, auto dialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

12. In its initial implementation of the TCPA rules, the FCC included in exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption. Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party did not first obtain express written consent from the called party.

13. As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.
- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.
- Prohibits solicitations to residences that use an artificial voice or a recording.
- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

4

- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.
- Prohibits autodialed calls that engage two or more lines of a multi-line business.
- Prohibits unsolicited advertising faxes.

14. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

15. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

### FACTUAL BACKGROUND AS TO PLAINTIFF

16. During July of 2014, Defendant contacted Plaintiff on her cellular telephone number *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least four times without first obtaining Plaintiff's consent.

17. On July 7, 2014, at 12:04 p.m., Plaintiff received a call on her cellular telephone, assigned a number ending in 7741.

18. Plaintiff's caller ID read "973-929-3290" as the call was incoming. This number is assigned to Defendant.

5

19. Plaintiff was unable to answer the call. However, Defendant left a message on Plaintiff's voicemail.

20. Defendant's voicemail indicated the caller was Defendant and wanted to speak with Plaintiff about important matters related to her business.

21. Plaintiff was concerned by this message, so she immediately called back the same number that Defendant used to call her wireless phone.

22. Plaintiff was greeted by a pre-recorded voice that identified itself as Defendant.

23. Plaintiff did not want to listen to the pre-recorded message, so she disconnected the call.

24. Based on Plaintiff's experience and knowledge, Plaintiff reasonably believed Defendant's call to her wireless phone was made *via* ATDS.

25. Later that same day at 1:55 p.m., Plaintiff received another call from Defendant.

26. Plaintiff was unable to answer the call; however, Defendant left the same message it had left on Plaintiff's voicemail earlier that day.

27. Plaintiff did not want to waste time returning the call to an automated system; she hoped the calls would simply stop.

28. However, Defendant called Plaintiff on her wireless phone at least two more times.

29. Plaintiff is a small business owner; therefore, Plaintiff was alarmed by the notion that something was adversely affecting her business.

30. Plaintiff, therefore, performed internet research and discovered that a large number of consumers had the same experience with Defendant's calls.

31. Through her research, Plaintiff confirmed the number calling her belonged to Defendant, and that Defendant's calls were nothing more than a ploy to market business solutions to business owners.

6

32. Plaintiff understood the purpose of Defendant's calls was to solicit business from Plaintiff.

33. Plaintiff was not interested in Defendant's offers, and the repetitive calls were unwanted, disruptive, and disconcerting.

34. At no time prior to or after this call did Plaintiff enter into a business relationship with Defendant or contact Defendant about its products or services.

35. Plaintiff electronically stored Defendant's number and a record of each call on her cellular telephone.

36. Furthermore, Plaintiff's telephone records show calls from "973-929-3290," which Plaintiff confirmed was associated with Defendant's business phone number.

37. The telephone number Defendant called was assigned to a cellular telephone service for which charges incur for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. Plaintiff pays the bill associated with the cellular telephone assigned the number ending in 7741.

39. Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 7741.

40. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

41. Plaintiff did not provide Defendant prior express written consent to receive calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

42. All calls Defendant made to Plaintiff violate 47 U.S.C. § 227(b)(1).

43. Plaintiff has reason to believe Defendant has called, and continues to call, thousands of wireless telephone customers to market its products and services.

44. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of herself and a class of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cell phones.

45. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

46. Pursuant to Rules 23(b) and (c) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff brings this action on her own behalf and on behalf of the proposed Plaintiff Class. Plaintiff seeks certification of a Plaintiff Class consisting of:

> All persons within the United States who Defendant, or some person on Defendant's behalf, called the person's cellular telephone by using an automatic telephone dialing system, or using any other device that has the capacity to dial numbers without human intervention, from October 16, 2013 to the date the Class is certified, where Defendant's records fail to indicate prior express written permission from the recipient to make such call.

47. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

48. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.

49.     Plaintiff and members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiff and the Class members *via* their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and Class members were damaged thereby.

50.     This suit seeks only damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

51.     The joinder of the Class members is impracticable and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records or Defendant's agents' records.

52.     There is a well-defined community of interest in the questions of law and fact affecting Plaintiff and the Plaintiff Class.  The questions of law and fact common to Plaintiff and the Plaintiff Class predominate over questions affecting only individual members of the Plaintiff Class, and include, but are not limited to, the following:

(a) Whether from October 16, 2013 to the date the Class is certified, Defendant contacted any member of the Class (other than calls made for emergency purposes or made with the prior express written consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

(b) Whether the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

(c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

53. Plaintiff asserts claims that are typical of the Plaintiff Class based upon the conduct of Defendant, which is uniform across all Class Members.

54. Injuries sustained by Plaintiff and the members of the Plaintiff Class flow, in each instance, from a common nucleus of operative facts. Defendant or its agents used an ATDS to contact Plaintiff and the Plaintiff Class on their cellular telephones without prior express written consent.

55. Plaintiff is an adequate representative of the Plaintiff Class because her interests do not conflict with, and are not antagonistic to, the interests of the members of the Plaintiff Class she seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.

56. Plaintiff has retained attorneys who are competent and experienced in the prosecution of class litigation and other complex litigation.

57. Plaintiff and the members of the Plaintiff Class have all sustained injuries caused by Defendant's conduct.

58. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, the members of the Plaintiff Class likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all. Because of the relatively small size of the individual claims of the members of the Plaintiff Class, few members of the Plaintiff Class likely could afford to seek legal redress on their own. Absent a class action, members of the Plaintiff Class will continue to sustain damages, and Defendant's misconduct will proceed without remedy.

59. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Additionally, Defendant has

10

acted, and failed to act, on grounds generally applicable to Plaintiff and the Plaintiff Class, requiring Court imposition of uniform relief to ensure compatible standards of conduct toward Plaintiff and the Plaintiff Class.

60. Adequate notice can be provided to the members of the Class directly using information maintained in Defendant's records or through notice by publication.

### FIRST CAUSE OF ACTION
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

61. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

62. Defendant made unsolicited and unauthorized calls using an ATDS or pre-recorded voice to Plaintiff's and the Class Members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Class Members.

63. Defendant made the calls without prior express written consent of the Plaintiff and Class Members.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

65. As a result of Defendant's violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Because Defendant had knowledge that Plaintiff and the Class Members did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Class Members.

67. Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## ATTORNEY'S FEES

68. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

69. Plaintiff is entitled to recover reasonable attorney's fees and request the attorney's fees be awarded.

## RELIEF REQUESTED

70. WHEREFORE, Plaintiff, individually and on behalf of the Plaintiff Class, prays for the following relief:

    a. An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Hughes Ellzey, LLP as lead Class Counsel.

    b. An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

    d. Injunctive relief prohibiting Defendants' conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Pre-judgment and post-judgment interest on monetary relief;

    f. An award of reasonable attorneys' fees and court costs in this action;

    g. All other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

71. Plaintiff, individually and on behalf of the Plaintiff Class, demands a jury trial on all issues triable to a jury.

Respectfully Submitted,

| **HUGHES ELLZEY, LLP** | **SOUTHWEST LEGAL GROUP** |
|---|---|
| */s/ W. Craft Hughes* <br> W. Craft Hughes, Esq. <br> *Attorney-in-Charge* <br> Texas Bar No. 24046123 <br> E-Mail: craft@crafthugheslaw.com | By: */s/ Michael R. Dufour* <br> Michael R. Dufour, Esq. <br> Attorney for Plaintiff <br> California Bar No. 290981 <br> michaeldufour1@gmail.com |

ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS
*(Pro Hac Vice Admission will be requested)*