1  VICK LAW GROUP, APC
     Scott Vick (No. 171944)
2    Jason Riddick (No. 235980)
   800 West Sixth Street, Suite 1220
3  Los Angeles, California 90017
   Telephone:  (213) 784-6227
4  Facsimile:   (213) 784-6226
   E-Mail:   Scott@vicklawgroup.com
5            Jason@vicklawgroup.com

6  ICE MILLER LLP
     Bart T. Murphy (*admitted pro hac vice*)
7    Isaac J. Colunga (*admitted pro hac vice*)
   2300 Cabot Drive, Suite 455
8  Lisle, Illinois 60532
   Telephone: (630) 955-6392
9  Facsimile:  (630) 955-4271
   E-Mail: Bart.Murphy@icemiller.com
10           Isaac.Colunga@icemiller.com

11 Attorneys for Defendant
   DUN & BRADSTREET, INC.

12

13                   UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15                        WESTERN DIVISION

16

17                                          CASE NO.  2:14-cv-07831-DSF-MRW

18 HOLLY FREYJA, individually and on
   behalf of all others similarly situated,    **DEFENDANT DUN &**
19                                              **BRADSTREET, INC.'S ANSWER**
          Plaintiff,                            **TO PLAINTIFF'S COMPLAINT**
20
   v.                                           [DEMAND FOR JURY TRIAL]
21
   DUN & BRADSTREET, INC. and DUN
22 & BRADSTREET CREDIBILITY
   CORP.
23
          Defendants.
24

25

26

27

28

1

2      Defendant Dun & Bradstreet, Inc. ("D&B"), on behalf of itself and no other

3  defendants, submits the following answers to the allegations contained in

4  Plaintiff's Complaint:

5                          **JURISDICTION & VENUE**

6      **1.     This Court has subject-matter jurisdiction over this action**
   **pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this**
7  **civil action exceeds the sum or value of $5,000,000.00, exclusive of interest and**
8  **costs, and at least one member of the putative class is a citizen of a state**
   **different from Defendant.  Furthermore, Plaintiff Class consists of at least one**
9  **hundred members.**

10

11 **ANSWER:**  D&B denies the allegations contained in Paragraph 1.

12
   **2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1-**
13 **2) because a substantial part of the events or omissions giving rise to the**
14 **claims occurred in this District; and Defendant resides in this District.**

15 **ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to

16 where Dun & Bradstreet Credibility Corp. LLC resides.   D&B denies the

17 remaining allegations contained in Paragraph 2.

18
   **3.     Defendant is subject to general personal jurisdiction in this**
19 **District because it has continuous and systematic contacts with this District**
20 **through its telemarketing business.  By residing and operating a business in**
   **the State of California, Defendant has purposefully invoked the protection of**
21 **California law, and the exercise of personal jurisdiction over Defendant in this**
22 **District does not offend traditional notions of fair play or substantial justice.**

23
24 **ANSWER:**  D&B denies the allegations contained in Paragraph 3.

25
                              **INTRODUCTION**
26
27     **4.     Plaintiff brings this class action against Defendant to secure**
   **redress because Defendant willfully violated the TELEPHONE CONSUMER**
28 **PROTECTION ACT ("TCPA"), 47 U.S.0 § 227, *et seq.* by causing unsolicited**

**calls to be made to Plaintiffs and other class members' cellular telephones through the use of an auto-dialer and/or artificial or pre-recorded or artificial voice message.**

**ANSWER:** D&B denies the allegations contained in Paragraph 4.


**5.     Defendant made one or more unauthorized calls to Plaintiffs cell phone using an automatic telephone dialing system ("ATDS") for the purpose of soliciting business from Plaintiff.**

**ANSWER:** D&B denies the allegations contained in Paragraph 5.


**6.     Defendant's conduct and actions violated the TCPA, for which Plaintiff and the Class Members seek judgment against Defendant equal to $500.00 per violation, together with attorneys' fees, court costs, and treble damages (for knowing and/or willful violations).**

**ANSWER:** D&B denies the allegations contained in Paragraph 6.


## PARTIES

**7.     Plaintiff HOLLY FREYJA is a citizen of the State of California who resides in Ojai, Ventura County, California.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to Plaintiff's citizenship or as to where Plaintiff resides, and therefore denies such allegations.


**8.     Defendant DUN & BRADSTREET, INC. is a corporation organized under the laws of the State of Delaware.  Defendant DUN & BRADSTREET CREDIBILITY CORP. LLC is a corporation organized under the laws of the State of California.  Both entities may be served with process by serving their Registered Agent, C T Corporation System, 818 West Seventh Street, Second Floor, Los Angeles, CA 90017.**

**ANSWER:**   D&B admits that it is organized under the laws of the State of Delaware and that it may be served through its registered agent in California.

1

D&B lacks knowledge or information sufficient to form a belief as to where Dun & Bradstreet Credibility Corp. LLC is organized or how it may be served, and therefore denies such allegations.

**9.     Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as what Plaintiff "mean[s]" when it makes assertions such as those contained in Paragraph 9, and therefore denies such allegations.  Paragraph 9 also contains legal conclusions to which no answers are required.  To the extent answers are required, D&B denies the allegations contained in Paragraph 9.

### LEGAL BASIS FOR THE CLAIMS

**10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing...can be an intrusive invasion of privacy..." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).**

**ANSWER:**  D&B admits that Congress enacted the TCPA in 1991.  D&B denies that the only reason Congress enacted the TCPA was for the reason stated in the first sentence in Paragraph 10.  D&B further states that the TCPA's provisions speak for themselves, and D&B denies the allegations contained in Paragraph 10 to the extent they misquote the TCPA's express provisions.

**11.     Specifically, the TCPA restricts telephone solicitations *(i.e., telemarketing)* and the use of automated telephone equipment.  The TCPA**

2

**limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.  It also specifies several technical requirements for fax machines, auto dialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.**

**ANSWER:**  D&B states that the TCPA's provisions speak for themselves, and D&B denies the allegations contained in Paragraph 11 to the extent they mischaracterize the TCPA's express provisions.

**12.    In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place prerecorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption.  Therefore, all prerecorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party did not first obtain express written consent from the called party.**

**ANSWER:**  D&B states that the FCC's regulations and amendments interpreting the TCPA speak for themselves, and D&B denies the allegations contained in Paragraph 12 to the extent they mischaracterize the FCC's regulations and amendments.

**13.    As of October 16, 2013, unless the recipient has given <u>prior express written consent,</u> the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:**

- **Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.**
- **Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.**
- **Prohibits solicitations to residences that use an artificial voice or a recording.**

3

- **Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.**
- **Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.**
- **Prohibits autodialed calls that engage two or more lines of a multi-line business.**
- **Prohibits unsolicited advertising faxes.**

**ANSWER:**  D&B states that the TCPA's provisions and the FCC's regulations and amendments interpreting the TCPA speak for themselves, and D&B denies the allegations contained in Paragraph 13 to the extent they mischaracterize the TCPA's express provisions and the FCC's regulations and amendments.

**14.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."** *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration,* **23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008);** *Birchmeier v. Caribbean Cruise Line, Inc.,* **2012 WL 7062748 (Dec. 31, 2012).**

**ANSWER:**  D&B states that the FCC's regulations and amendments interpreting the TCPA speak for themselves, and D&B denies the allegations contained in Paragraph 14 to the extent they mischaracterize the FCC's regulations and amendments.

**15.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.**

**ANSWER:**  Paragraph 15 contains legal conclusions to which no answers are required.   To the extent answers are required, D&B denies the allegations

4

1   contained in Paragraph 15.  And to the extent Paragraph 15 contains statements

2   purporting to interpret the TCPA and the FCC's regulations and amendments,

3   D&B states that the FCC's regulations and amendments interpreting the TCPA

4   speak for themselves, and D&B denies the allegations contained in Paragraph 15 to

5   the extent they mischaracterize the FCC's regulations and amendments.

6

7               **FACTUAL BACKGROUND AS TO PLAINTIFF**

8       **16.    During July of 2014, Defendant contacted Plaintiff on her cellular
    telephone number *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least four
9   times without first obtaining Plaintiff's consent.**

10
    **ANSWER:**  D&B denies the allegations contained in Paragraph 16.
11

12
        **17.    On July 7, 2014, at 12:04 p.m., Plaintiff received a call on her
13  cellular telephone, assigned a number ending in 7741.**

14
    **ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to
15
    the truth of the allegations contained in Paragraph 17, and therefore denies such
16
    allegations.
17

18
        **18.    Plaintiff's caller ID read "973-929-3290" as the call was incoming.
19  This number is assigned to Defendant.**

20
    **ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to
21
    what Plaintiff's caller ID read, and therefore denies that allegation.  D&B admits
22
    that the phone number 973-929-3290 is assigned to D&B.
23

24      **19.    Plaintiff was unable to answer the call.  However, Defendant left a
25  message on Plaintiffs voicemail.**

26

27

28
                                        5

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to Plaintiff's ability to answer whatever call she received, and therefore denies that allegation.  D&B admits that a message was left on Plaintiff's voicemail.

**20.    Defendant's voicemail indicated the caller was Defendant and wanted to speak with Plaintiff about important matters related to her business.**

**ANSWER:**  D&B admits that a message was left on Plaintiff's voicemail.  At this time, D&B lacks knowledge or information sufficient to form a belief as to the statements made in the message, and therefore lacks knowledge as to the truth of the allegations contained in Paragraph 20, and denies such allegations.

**21.    Plaintiff was concerned by this message, so she immediately called back the same number that Defendant used to call her wireless phone.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies such allegations.

**22.    Plaintiff was greeted by a pre-recorded voice that identified itself as Defendant.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies such allegations.

**23.    Plaintiff did not want to listen to the pre-recorded message, so she disconnected the call.**

6

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies such allegations.

**24.    Based on Plaintiff's experience and knowledge, Plaintiff reasonably believed Defendant's call to her wireless phone was made *via* ATDS.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies such allegations.

**25.    Later that same day at 1:55 p.m., Plaintiff received another call from Defendant.**

**ANSWER:**  D&B denies the allegations contained in Paragraph 25.

**26.    Plaintiff was unable to answer the call; however, Defendant left the same message it had left on Plaintiff's voicemail earlier that day.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to Plaintiff's ability to answer whatever call she received, and therefore denies that allegation.  D&B denies the remaining allegations contained in Paragraph 26.

**27.    Plaintiff did not want to waste time returning the call to an automated system; she hoped the calls would simply stop.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies such allegations.

**28.    However, Defendant called Plaintiff on her wireless phone at least two more times.**

7

**ANSWER:** D&B denies the allegations contained in Paragraph 28.

**29.    Plaintiff is a small business owner; therefore, Plaintiff was alarmed by the notion that something was adversely affecting her business.**

**ANSWER:** D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies such allegations.

**30.    Plaintiff, therefore, performed internet research and discovered that a large number of consumers had the same experience with Defendant's calls.**

**ANSWER:** D&B denies that it made any calls to Plaintiff.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30, and therefore denies such allegations.

**31.    Through her research, Plaintiff confirmed the number calling her belonged to Defendant, and that Defendant's calls were nothing more than a ploy to market business solutions to business owners.**

**ANSWER:** D&B denies that it made any calls to Plaintiff.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31, and therefore denies such allegations.

**32.    Plaintiff understood the purpose of Defendant's calls was to solicit business from Plaintiff.**

**ANSWER:** D&B denies that it made any calls to Plaintiff.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32, and therefore denies such allegations.

8

**33.     Plaintiff was not interested in Defendant's offers, and the repetitive calls were unwanted, disruptive, and disconcerting.**

**ANSWER:**  D&B denies that it made any calls to Plaintiff.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33, and therefore denies such allegations.

**34.     At no time prior to or after this call did Plaintiff enter into a business relationship with Defendant or contact Defendant about its products or services.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore denies such allegations.

**35.     Plaintiff electronically stored Defendant's number and a record of each call on her cellular telephone.**

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore denies such allegations.

**36.     Furthermore, Plaintiff's telephone records show calls from "973-929-3290," which Plaintiff confirmed was associated with Defendant's business phone number.**

**ANSWER:**   D&B admits that the phone number 973-929-3290 is assigned to D&B.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and therefore denies such allegations.

**37.     The telephone number Defendant called was assigned to a cellular telephone service for which charges incur for incoming calls pursuant to 47 U.S.C. § 227(b)(1).**

DEFENDANT DUN & BRADSTREET, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT

1
2   **ANSWER:**  D&B denies that it made any calls to Plaintiff.  D&B lacks knowledge
3   or information sufficient to form a belief as to the truth of the remaining
    allegations contained in Paragraph 37, and therefore denies such allegations.
4
5   **38.    Plaintiff pays the bill associated with the cellular telephone
    assigned the number ending in 7741.**
6
7   **ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to
8   the truth of the allegations contained in Paragraph 38, and therefore denies such
9   allegations.
10
11  **39.    Plaintiff is the regular carrier and exclusive user of the cellular
    telephone assigned the number ending in 7741.**
12
13  **ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to
14  the truth of the allegations contained in Paragraph 39, and therefore denies such
15  allegations.
16
17  **40.    Defendant's calls constituted calls that were not for emergency
    purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).**
18
19  **ANSWER:**  D&B denies that it made any calls to Plaintiff.  Paragraph 40 contains
20  legal conclusions to which no answers are required.  To the extent answers are
21  required, D&B denies the remaining allegations contained in Paragraph 40.
22
23  **41.    Plaintiff did not provide Defendant prior express written consent
    to receive calls to her cellular telephone utilizing an ATDS or artificial or pre-
24  recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).**
25  **ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to
26  the truth of the allegations contained in Paragraph 41, and therefore denies such
27  allegations.
28

**DEFENDANT DUN & BRADSTREET, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT**

**42.    All calls Defendant made to Plaintiff violate 47 U.S.C. § 227(b)(1).**

**ANSWER:**  D&B denies that it made any calls to Plaintiff.  Paragraph 42 also contains a legal conclusion to which no answer is required.  To the extent an answer is required, D&B denies the allegation contained in Paragraph 42.

**43.    Plaintiff has reason to believe Defendant has called, and continues to call, thousands of wireless telephone customers to market its products and services.**

**ANSWER:** D&B denies the allegations contained in Paragraph 43.

**44.    In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff; on behalf of herself and a class of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, *et seq.,* which prohibits unsolicited voice and text calls to cell phones.**

**ANSWER:**  D&B admits that Plaintiff purports to bring this suit pursuant to the TCPA.  D&B denies the remaining allegations contained in Paragraph 44.

**45.    On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.**

**ANSWER:**  D&B admits that Plaintiff's complaint seeks an injunction and an award of statutory damages, but denies that Plaintiff's allegations support the relief that Plaintiff is requesting.  D&B denies the remaining allegations contained in Paragraph 45.

## CLASS ACTION ALLEGATIONS

**46.    Pursuant to Rules 23(b) and (c) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff brings this action on her own behalf and on**

11

**behalf of the proposed Plaintiff Class.   Plaintiff seeks certification of a Plaintiff Class consisting of:**

> **All persons within the United States who Defendant, or some person on Defendant's behalf, called the person's cellular telephone by using an automatic telephone dialing system, or using any other device that has the capacity to dial numbers without human intervention, from October 16, 2013 to the date the Class is certified, where Defendant's records fail to indicate prior express written permission from the recipient to make such call.**

**ANSWER:**   D&B admits that Plaintiff seeks to bring this action on her own behalf and on behalf of the putative class described in Paragraph 46.   D&B denies the remaining allegations contained in Paragraph 46.

**47.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.**

**ANSWER:**   D&B admits that Plaintiff seeks to exclude from the proposed putative class the individuals described in Paragraph 47.   D&B denies the remaining allegations contained in Paragraph 47.

**48.     Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.**

**ANSWER:**  D&B denies the allegations contained in Paragraph 48.

12

1

2    **49.    Plaintiff and members of the Class were harmed by Defendant's**

3    **acts in at least the following ways: Defendant, either directly or through**
     **agents, illegally contacted Plaintiff and the Class members *via* their cellular**

4    **telephones by using an ATDS, thereby causing Plaintiff and the Class**

5    **members to incur certain cellular telephone charges or reduce cellular**
     **telephone time for which Plaintiff and the Class members previously paid,**

6    **and invading the privacy of said Plaintiff and the Class members.  Plaintiff**
     **and Class members were damaged thereby.**

7

8    **ANSWER:** D&B denies the allegations contained in Paragraph 49.

9

10   **50.    This suit seeks only damages, statutory penalties, and injunctive**
     **relief for recovery of economic injury on behalf of the Class, and it expressly**

11   **is not intended to request any recovery for personal injury and claims related**

12   **thereto.  Plaintiff reserves the right to expand the Class definition to seek**
     **recovery on behalf of additional persons as warranted as facts are learned in**

13   **further investigation and discovery.**

14

15   **ANSWER:**  D&B admits that Plaintiff's complaint seeks an injunction and an

16   award of statutory damages, but denies that Plaintiff's allegations support the relief

17   that Plaintiff is requesting.  D&B denies the remaining allegations contained in

18   Paragraph 50.

19   **51.    The joinder of the Class members is impracticable and the**

20   **disposition of their claims in the Class action will provide substantial benefits**
     **both to the parties and to the Court.  The Class can be identified through**

21   **Defendant's records or Defendant's agents' records.**

22

23   **ANSWER:** D&B denies the allegations contained in Paragraph 51.

24

25   **52.    There is a well-defined community of interest in the questions of**
     **law and fact affecting Plaintiff and the Plaintiff Class.  The questions of law**

26   **and fact common to Plaintiff and the Plaintiff Class predominate over**
     **questions affecting only individual members of the Plaintiff Class, and**

27   **include, but are not limited to, the following:**

28

**DEFENDANT DUN & BRADSTREET, INC.'S ANSWER TO PLAINTIFF'S**
**COMPLAINT**

- **Whether from October 16, 2013 to the date the Class is certified, Defendant contacted any member of the Class (other than calls made for emergency purposes or made with the prior express written consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;**
- **Whether the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and**
- **Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.**

**ANSWER:** D&B denies the allegations contained in Paragraph 52.

**53.    Plaintiff asserts claims that are typical of the Plaintiff Class based upon the conduct of Defendant, which is uniform across all Class Members.**

**ANSWER:** D&B denies the allegations contained in Paragraph 53.

**54.    Injuries sustained by Plaintiff and the members of the Plaintiff Class flow, in each instance, from a common nucleus of operative facts. Defendant or its agents used an ATDS to contact Plaintiff and the Plaintiff Class on their cellular telephones without prior express written consent.**

**ANSWER:** D&B denies the allegations contained in Paragraph 54.

**55.    Plaintiff is an adequate representative of the Plaintiff Class because her interests do not conflict with, and are not antagonistic to, the interests of the members of the Plaintiff Class she seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.**

**ANSWER:**  D&B denies the existence of the putative class that Plaintiff seeks to represent.  D&B denies the remaining allegations contained in Paragraph 55.

**56.    Plaintiff has retained attorneys who are competent and experienced in the prosecution of class litigation and other complex litigation.**

14

**ANSWER:**  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore denies such allegations.

**57.    Plaintiff and the members of the Plaintiff Class have all sustained injuries caused by Defendant's conduct.**

**ANSWER:**  D&B denies the allegations contained in Paragraph 57.

**58.    A class action is superior to other methods for the fair and efficient adjudication of the subject controversy.  Absent a class action, the members of the Plaintiff Class likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all. Because of the relatively small size of the individual claims of the members of the Plaintiff Class, few members of the Plaintiff Class likely could afford to seek legal redress on their own.  Absent a class action, members of the Plaintiff Class will continue to sustain damages, and Defendant's misconduct will proceed without remedy.**

**ANSWER:**  D&B denies the allegations contained in Paragraph 58.

**59.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.  Additionally, Defendant has acted, and failed to act, on grounds generally applicable to Plaintiff and the Plaintiff Class, requiring Court imposition of uniform relief to ensure compatible standards of conduct toward Plaintiff and the Plaintiff Class.**

**ANSWER:**  D&B denies the allegations contained in Paragraph 59.

**60.    Adequate notice can be provided to the members of the Class directly using information maintained in Defendant's records or through notice by publication.**

**ANSWER:**  D&B denies the existence of the putative class that Plaintiff seeks to represent.  D&B denies the remaining allegations contained in Paragraph 60.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

**61.**     **Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.**

**ANSWER:**  D&B restates and incorporates by reference each of its preceding answers to the above Paragraphs as though fully set forth herein.

**62.     Defendant made unsolicited and unauthorized calls using an ATDS or pre-recorded voice to Plaintiff's and the Class Members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Class Members.**

**ANSWER:**  D&B denies the allegations contained in Paragraph 62.

**63.     Defendant made the calls without prior express written consent of the Plaintiff and Class Members.**

**ANSWER:**  D&B denies the allegations contained in Paragraph 63.

**64.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.***

**ANSWER:**  D&B denies the allegations contained in Paragraph 64.

**65.     As a result of Defendant's violations of 47 U.S.C. § 227, *et. seq.,* Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).**

**ANSWER:**  D&B denies the allegations contained in Paragraph 65.

66. **Because Defendant had knowledge that Plaintiff and the Class Members did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Class Members.**

**ANSWER:** D&B denies the allegations contained in Paragraph 66.

67. **Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.**

**ANSWER:** D&B denies the allegations contained in Paragraph 67.

### ATTORNEY'S FEES

68. **Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.**

**ANSWER:** D&B restates and incorporates by reference each of its preceding answers to the above Paragraphs as though fully set forth herein.

69. **Plaintiff is entitled to recover reasonable attorney's fees and request the attorney's fees be awarded.**

**ANSWER:** D&B denies the allegations contained in Paragraph 69.

DATED: December 22, 2014     VICK LAW GROUP, APC

                                    *- and -*

                                    ICE MILLER LLP

                                    By   /s/ _____

                                       SCOTT VICK
                                       Attorneys for Defendant
                                       Dun & Bradstreet, Inc.

**DEFENDANT DUN & BRADSTREET, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1

2

## **DEMAND FOR JURY TRIAL**

3

4       D&B hereby demands a trial by jury on all claims so triable pursuant to Fed.

R. Civ. Proc., Rule 38(b).

5

6   DATED:  December 22, 2014      VICK LAW GROUP, APC

7                                 *- and -*

8                                 ICE MILLER LLP

9

10                                By   /s/
                                  SCOTT VICK

11                                Attorneys for Defendant
                                  Dun & Bradstreet, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT DUN & BRADSTREET, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**