UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV14-7831 DSF (MRWx) | Date | 2-19-15 |
| Title | Holly Freyja v. Dun & Bradstreet, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order to Show Cause re Adequacy of Counsel

    Although adequacy of counsel is ordinarily determined at a later stage of the proceedings, it appears an early preliminary determination of whether Plaintiff's counsel are likely to be found adequate would serve the interests of the putative class and of judicial economy.  Therefore, Plaintiff's counsel are ordered to show cause why they would be adequate counsel to represent the class if a class were certified.  In appointing class counsel, the Court:
    (A) must consider:
        (i) the work counsel has done in identifying or investigating potential claims in the action;
        (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
        (iii) counsel's knowledge of the applicable law; and
        (iv) the resources that counsel will commit to representing the class;
    (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
    (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.
Fed.R.Civ.P. 23(g)(1).
    A written response must be submitted no later than March 18, 2015.  The response should provide full and complete information responsive to Rule 23(g)(1)(A) and (B),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

and sufficient for the Court to make an informed decision. Among other things, counsel must:

    1. Identify (by court, case name, case number, etc.) all putative class actions filed by any law firm and any individual attorney seeking to be named as class counsel in any court, and state whether a class was certified, and, if so, whether the firm or attorney was named as class counsel;

    2. Describe the trial experience of each individual attorney seeking to be named as class counsel;

    3. Describe the experience of each individual attorney seeking to be named as class counsel in the types of claims asserted in this action;

    4. Identify (by court, case name, case number, etc.) all cases in which the court found any law firm or any individual attorney seeking to be named here as class counsel not to be adequate to represent a class or otherwise declined to grant counsel's request to be appointed, and specify the reasons given by the court (or provide a copy of the opinion or decision);

    5. Identify (by court, case name, case number, etc.) all cases or circumstances in which the professional conduct or professional ethics (including billing practices) of any law firm or any individual attorney seeking here to be named as class counsel have been the subject of any written inquiry by any court, administrative agency, or bar association, and provide the complete facts and disposition of the matter;

    6. Identify (by court, case name, case number, etc.) all cases in which any law firm or any individual attorney seeking to be named here as class counsel has been admonished or sanctioned by any court or agency and provide the complete facts and disposition of the matter;

    7. Identify (by court, case name, case number, etc.) all cases in which any counsel or any law firm representing Plaintiff has previously represented, or is currently representing, Plaintiff;

    8. Provide any agreement relating to this action with any person or entity other than Plaintiff;

    9. Provide counsel's proposal for terms for attorney's fees and nontaxable costs; and

    10. Describe how counsel intends to staff this case and the means by which counsel will fund the necessary costs, including expert's fees. (The latter information may be filed in camera and under seal.)

See Rule 23(g)(1)(C)

    The Court requires that each attorney seeking here to be named as class counsel answer separately (but not necessarily in a separate document). For item 1 only, counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

may limit their answers to cases filed within the last eight years or to their most recent 50 cases. For items 4, 5, 6, and 7, the eight year/50 case limit does not apply. All such cases must be identified. In addition, counsel must provide all information responsive to items 4, 5, and 6 regarding any applicable case or circumstance involving a former law firm but based on or relating to the conduct of the individual attorney seeking here to be named as class counsel.

IT IS SO ORDERED.