UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 14-7831 DSF (MRWx) | Date | 10/14/15 |
| Title | Holly Freyja v. Dun & Bradstreet, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Defendant's Motion for Summary Judgment (Dkt. No. 55)

    Plaintiff Holly Freyja alleges that Defendant Dun & Bradstreet, Inc. (D&B) violated the Telephone Consumer Protection Act (TCPA) in two ways: (1) by calling her using an "automatic telephone dialing system" (ATDS) and (2) by calling a phone number on the national do-not-call registry for the purposes of a telephone solicitation.

    D&B moves for summary judgment, arguing that the telephone used to call Plaintiff was not an "automatic telephone dialing system" (ATDS) and that there was no solicitation purpose to the call. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for October 19, 2015 is removed from the Court's calendar.

    "A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "This burden is not a light one." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). But the moving party need not disprove the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial. Id. at 323-24; Fed. R. Civ. P. 56(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. Id. at 250-51. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict . . . ." Id. at 252. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

The undisputed facts demonstrate that Plaintiff was not called from an ATDS. An ATDS is a piece of "equipment which has the capacity to (a) store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). "The Commission has long held that the basic functions of an autodialer are to 'dial numbers without human intervention' and to 'dial thousands of numbers in a short period of time." In the Matter of Rules & Regulations Implementing the TCPA of 1991, FCC 15-72, ¶ 17 (July 10, 2015).

The uncontroverted testimony of the actual agent at Convergys who called Plaintiff shows that the agent called Plaintiff manually using an Avaya 4610 desktop telephone. (SUF ¶¶ 58-59.) The uncontroverted testimony of Convergys's Director of Network Services is that an Avaya 4610 phone cannot, itself, be used as an autodialer. (See SUF ¶¶ 84-94.) It could, at best, be used to receive calls from an autodialer if the agent's computer had the appropriate software, the agent had proper login credentials, and the dialer was appropriately configured. (SUF ¶¶ 78-79.) But none of this was true for the phone used by the agent that called Plaintiff. (SUF ¶¶ 80-83.) Plaintiff's opposition does not contradict these facts and, instead, tosses out other facts – such as the phone's connection to Convergys's Avaya private branch exchange (PBX) and its connection to a desktop computer – with no explanation of why those facts contradict anything said by Convergys's representatives. Plaintiff also repeatedly states in her Statement of Genuine Issues that Defendant has no knowledge of certain facts – blatantly ignoring that Defendant has submitted evidence from the people at Convergys with direct knowledge of the relevant facts. Indeed, Plaintiff's opposition is completely devoid of any analysis at all. It is simply a long recitation of facts followed by an extended discussion of TCPA authority with no explanation of the relevance of any of the purported facts or application of the legal authority to those facts.

The undisputed facts also show that the call to Plaintiff was not a "telephone

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

solicitation." 47 C.F.R. § 62.1200(c)(2) bars "telephone solicitations" to residential telephone numbers registered on the national do-not-call registry. A "telephone solicitation" is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(14). Defendant has provided several pieces of evidence to show that the call was made for the purpose of acquiring information about the commercial services provided by Plaintiff and not to market to Plaintiff or to sell her anything. (SUF ¶¶ 20, 23-24, 56.) The only piece of evidence submitted by Plaintiff that is remotely responsive is that Plaintiff answered "yes" to the question "Do you believe [D&B] could have possibly been trying to sell you some type of product or service?" (Pl. Ex. 5 at 51:14-16.) But Plaintiff's mere belief that Defendant "could have possibly" been trying to sell something – especially with no further foundation – does not raise a reasonable inference that Defendant was actually trying to sell her anything. Notably, Plaintiff points to no evidence that she was subjected to marketing during the call or any other reason to believe that the calls were for a sales purpose. Plaintiff implicitly suggests – implicitly because, again, she makes no actual argument in her opposition – that because Defendant sells business information it gathers to other people, calls made to gather that information are solicitations. But this is just incorrect. The regulation bans calls to sell property, goods, or services, not calls to acquire information.

      The motion for summary judgment is GRANTED.

      IT IS SO ORDERED.